UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BEN WILLARD WATKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:21-CV-301-DCLC-JEM |
| ) | |
| JAMES BERRONG, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner has filed a petition for habeas corpus relief under 28 U.S.C. § 2241. Respondent has responded and moved the Court to dismiss Petitioner's request for relief as untimely. Because Petitioner's claims were not filed within the applicable statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, and because his claims were not otherwise subject to equitable tolling, Respondent's motion to dismiss [Doc. 14] will be **GRANTED**.

**I. BACKGROUND**

Petitioner, a pretrial detainee in the Blount County Detention Center, filed a petition for habeas corpus relief under 28 U.S.C. § 2241 and a memorandum in support setting forth various allegations regarding a 2006 amended judgment of conviction against him for aggravated sexual battery in case C-11899 that subjected him to community supervision for life ("CSL") and the sex offender registry ("SOR"), his resulting arrests and convictions for CSL and SOR violations,[1] and

---

[1] Most notably, Petitioner asserted in his original petition that he was never arrested or arraigned for SOR violations in C-19947 [Doc. 2-1, p. 18-19], that he was convicted for a violation of a probation charge in C-17656 even though he was not on probation, and that he filed a pro se appeal of his C-17656 conviction but never got a response regarding this appeal [*Id.* at 29–31]. However, it appears from the totality of the original petition that Petitioner presented these

the state court petitions he filed regarding those CSL and SOR violations and the C-11899 amended judgment [Docs. 2, 2-1]. However, the Court's initial review of the petition established that Petitioner was in custody for SOR and CSL violations for which he was arrested in February 2021 due to the amended judgment against him in C-11899 [Doc. 2-1, p. 33–34], Petitioner had not exhausted any state court remedies for the February 2021 charges pending against him, and the petition did not state a cognizable claim for relief under § 2241 [Doc. 6, p. 2–4]. Thus, the Court construed the petition to seek habeas corpus relief under 28 U.S.C. § 2254 from C-11899 and allowed Petitioner to file an amended petition [*Id.* at 4–5]. Petitioner complied [Doc. 9].[2]

Now before the Court is Respondent's motion to dismiss the petition as time-barred and/or for procedural default [Doc. 14], in support of which he filed a memorandum [Doc. 15] and the state court record [Doc. 13]. Petitioner has filed a response in opposition to this motion [Doc. 17], Respondent filed a reply [Doc. 18], and Petitioner filed a sur-reply [Doc. 19]. For the reasons set

---

allegations only as background to his challenge to the amended judgment against him in C-11899 [*See*, *e.g.*, Doc. 2 p. 3 (citing the 2006 amended judgment in C-11899 as the "decision or action" Petitioner is challenging)]. And even if the Court could liberally construe these allegations to seek habeas corpus relief from C-17656 and C-19947, the record establishes that Petitioner was not "in custody" for these convictions when he filed his original petition [Doc. 2-1, p. 18, 33–34; Doc. 9, p. 18; Doc. 13-16, p. 42, 43] but rather was in custody for the February 2021 SOR and CSL charges against him resulting from C-11899 [Doc. 2-1, p. 33–34]. Thus, Petitioner could not assert federal habeas corpus claims arising out of C-17656 or C-19947 in his petition. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (citation omitted).

[2] Petitioner also filed a motion in which he seeks leave to submit documentation of a court order dismissing a state court amended petition for a writ of habeas corpus and sets forth numerous assertions regarding his inability to obtain state court relief for his challenges to his convictions that he asserts results from an ongoing constitutional violation [Doc. 11]. However, Petitioner does not seek to add documentation or arguments related to whether his instant petition for relief under § 2254 from his conviction in C-11899 is timely in this motion. Thus, it has no relevance to the Court's consideration of Respondent's motion to dismiss, and it will be **DENIED as moot**.

2

forth below, Respondent's motion to dismiss [Doc. 14] will be **GRANTED** because the record establishes that the petition is time-barred. The Court will not reach Respondent's argument that Petitioner procedurally defaulted his claims, and this action will be **DISMISSED**.

II.     ANALYSIS

A.     **Whether Plaintiff's claim is timely under the AEDPA.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides in relevant part as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)     the date on which the judgment became final by the conclusion of direct review . . . . or
>
> *     *     *
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

On February 25, 2000, Petitioner pled guilty to a charge of aggravated sexual battery in C-11899 [Doc. 13-12 p. 49]. On March 7, 2000, the trial court entered a judgment order in C-11899 convicting Petitioner and sentencing him to eight years in custody of the Tennessee Department of Correction ("TDOC") for that offense [*Id.*]. On May 16, 2000, the trial court entered a new judgment of conviction designating Petitioner as a violent offender for sentencing purposes [*Id.* at 50]. Then, on September 19, 2003, a TDOC official sent the trial court a letter noting that the C-11899 judgment order did not "indicate that [Petitioner] [wa]s to receive [CSL]," as Tennessee Code Annotated § 39-13-524 required, and requesting that the court "clarify [its] intent by having

3

an amended or corrected order forwarded advising that this conviction carries lifetime supervision" [*Id.* at 82]. Accordingly, on March 31, 2006, the trial court entered an amended judgment of conviction in C-11899 indicating that Petitioner was subject to CSL [*Id.* at 54].

Petitioner's C-11899 conviction became final no later than May 1, 2006, the day on which his time to file an appeal of the 2006 amended judgment order in C-11899 expired. *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee habeas petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so expired). The AEDPA's one-year statute of limitations then expired on May 1, 2007, without Petitioner filing any state court application for post-conviction or other collateral review regarding C-11899. And while Petitioner subsequently filed various state court petitions regarding C-11899 and his SOR and CSL convictions, he did not file them until after expiration of the AEDPA statute of limitation for his conviction in C-11899,[3] and such filings cannot "'revive' the limitations period (i.e., restart the clock at zero)." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

Thus, the AEDPA one-year statute of limitations for claims arising out of C-11899 expired long before Petitioner filed this action on August 15, 2021 [Doc. 2 p. 14]. But this statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing the petition. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts grant equitable tolling sparingly.

---

[3] Specifically, Petitioner filed his first state court petition for a writ of habeas corpus challenging the amended judgment against him in C-11899 on July 7, 2008 [Doc. 13-1 p. 4–10].

*Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

B.     **Whether Plaintiff's claim is subject to equitable tolling**

Petitioner submits that the Court should consider his petition timely because (1) the amended judgment in C-11899 continues to inflict punishment upon him and will do so for the rest of his life and (2) the amended judgment was void [Doc. 9 p. 24; Doc. 17 p. 8–11]. Petitioner also generally asserts that he is actually innocent of the charge against him in C-11899 because the March 31, 2006 amendment of the judgment of conviction in that case rendered it void [Doc. 9 p. 25]. For the reasons set forth below, none of these arguments entitles Petitioner to equitable tolling. Thus, the Court will **GRANT** Respondent's motion to dismiss [Doc. 14] to the extent that it will dismiss this action as time barred.

    1.     **Continuing violation**

Petitioner asserts that his petition is timely because he is continually affected by the amended judgment against him in C-11899 [Doc. 9 p. 24; Doc. 17 p. 8–11]. The continuing violation doctrine is "an exception to the ordinary rule regarding the commencement of a statute of limitations[] [that] allows for tolling based on continuing unlawful acts." *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81 (1982)). The doctrine applies only where: "(1) 'the defendant's wrongful conduct [] continue[s] after the precipitating event that began the pattern,' (2) 'injury to the plaintiff continue[s] to accrue after that event,' and (3) 'further injury to the plaintiff[] [was] avoidable if the defendants had at any time ceased their wrongful conduct.'" *Id.* (citing *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)).

5

As Respondent points out, Petitioner does not cite any habeas corpus cases applying the continuing violation doctrine. But even if the Court assumes that the continuing violation doctrine could apply to habeas corpus petitions, Petitioner has not established that it applies in this case. Specifically, while Petitioner alleged in his original petition that the SOR was amended through 2019 [Doc. 2-1 p. 12] and generally alleges in his amended petition that various amendments to the SOR in 2006, 2007, 2009, 2011, 2014, 2015, and 2016 have made the SOR punitive in nature in violation of the Ex Post Facto Clause, which he alleges supports his argument that the SOR is a continuing violation of his rights [Doc. 9 p. 19–20], it does not appear that stopping SOR amendments would avoid injury to Petitioner, as he would still be subjected to the CSL and the current SOR (with its amendments) pursuant to the 2006 amended judgment against him.

Also, Petitioner does not set forth any facts from which the Court could find that the enforcement of the SOR, rather than the imposition of punitive SOR amendments, is unlawful. Likewise, Petitioner does not allege that the enforcement of the CSL against him is unlawful. Rather, he alleges that enforcement of the wrongfully amended judgment in C-11899 causes him ill effects. But the Sixth Circuit has specified that "a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Tolbert,* 172 F.3d at 940 (quoting *Nat'l Advert. Co. v. City of Raleigh,* 947 F.2d 1158, 1166 (4th Cir.1991)).

Petitioner also does not allege that any punitive SOR amendments occurred within a year before he filed his petition, or that he discovered them within this time period. And it is apparent from the record that Petitioner was aware of the 2006 amended judgment in C-11899 providing that he was subject to the CSL for much more than a year before he filed his 2021 petition in this case, as he filed a state court habeas corpus petition challenging that amended judgment in 2008. The continuing violation doctrine does not apply when "the plaintiff knew, or through the exercise

of reasonable diligence would have known, [of the underlying violation] at the time the earlier events occurred." *Yetto v. City of Jackson*, 2019 WL 454603, at *7 (W.D. Tenn. 2019) (citing *Davidson v. America Online, Incl.*, 337 F.3d 1179, 1184 (10th Cir. 1993)).

Thus, even if the Court assumes without deciding that the continuing violation doctrine could apply in habeas corpus cases, Petitioner has not established that it entitles him to equitable tolling of the statute of limitations in this case.

### 2. Void judgment

Petitioner's allegation that the amended judgment against him in C-11899 was void does not make his petition timely. *Threats v. Warden, Trumbull Corr. Inst.*, No. 2:19-CV-5020, 2020 WL 2193282, at *3 (S.D. Ohio May 6, 2020) (noting that the "[p]etitioner's argument that his judgment was void because his guilty plea was invalid does not provide a basis to delay the start date for the running of the statute of limitations under § 2244(d)) (citations omitted).

### 3. Actual Innocence

As set forth above, Petitioner also generally asserts that he is actually innocent of the charge against him in C-11899 because the 2006 amendment of that judgment of conviction rendered it void [Doc. 9 p. 25]. Actual innocence, if proved, serves as a gateway through which a petitioner may obtain review of his otherwise barred or untimely claims. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006). But "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). And this exception requires a credible claim of actual innocence. *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012) (citing *Souter v. Jones,* 395 F.3d 577, 601 (6th Cir. 2005)). Thus, a petitioner must support such a claim "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

7

critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner provides no exculpatory evidence to support any assertion that he is actually innocent of the charge against him in C-11899. Thus, he is not entitled to equitable tolling on this ground.

### III. CERTIFICATE OF APPEALABILITY

As the Court will grant Respondent's motion to dismiss the petition [Doc. 14] and dismiss this action as time-barred, it now must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

### IV. CONCLUSION

Accordingly, for the reasons set forth above:

1. Respondent's motion to dismiss the petition [Doc. 14] will be **GRANTED** on the ground that the petition is time-barred;

2. Petitioner's motion for leave to submit documentation [Doc. 11] will be **DENIED as moot**;

3. A COA will not issue;

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3); and

5. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge